IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES A. WEIMER,**

        Plaintiff,

  vs.                              Civil Action 2:06-CV-844
                                    Judge Frost
                                    Magistrate Judge King

**HONDA OF AMERICA, MFG., INC.,**

        Defendant.

## OPINION AND ORDER

This is an employment action in which plaintiff alleges that his suspension and eventual termination from employment violated the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* *["*FMLA*"],* and Ohio's law prohibiting retaliation for having pursued a Workers' Compensation claim, O.R.C. §4123.90. Plaintiff also asserts a claim of wrongful discharge in violation of Ohio's public policy. This matter is now before the Court on plaintiff's motion to compel production by defendant of its contracts with Health Partners, Ltd.["Health Partners"], Honda's on-site health care provider. *Plaintiff's Motion to Compel*, Doc. No. 10.

The complaint alleges, *inter alia*, that plaintiff suffered a head injury at work. *Complaint,* ¶6. Plaintiff was ordered to attend an examination by Health Partners. *Id.*, ¶8. Health Partners "ordered him off of work. . .," *Id.*, ¶9, and assured plaintiff that it would take care of "Honda's necessary leave and medical certification paperwork." *Id.*, at ¶11. Plaintiff was suspended and eventually terminated from employment by defendant for "'violating Family Leave.'" *Id.*, ¶¶14 - 15.[1]

Plaintiff's motion to compel seeks production of "each and every document that shows or refers to the relationship, contractual o[r]

---

[1] Defendant disputes many of the factual allegations contained in the *Complaint.* *See Answer*, Doc. No. 3

otherwise, between Defendant and Health Partners." Request No. 12, *Plaintiff's First Request for Production of Documents*, attached to *Plaintiff's Motion to Compel*, Doc. No. 10.  Although defendant takes the position that the request is not relevant to any claim or defense, defendant has offered to produce the requested documents pursuant to the terms of a protective order.  Plaintiff has refused that offer.

Rule 37[2] of the Federal Rules of Civil Procedure authorizes a motion to compel, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests.  The Court is satisfied that the prerequisites to a motion to compel have been met in this case.

Determining the proper scope of discovery falls within the broad discretion of the trial court.  *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Rule 34 of the Federal Rules of Civil Procedure provides for discovery of documents in the "possession, custody or control" of a party, provided that the documents "constitute or contain matters within the scope of Rule 26(b)."  Fed. R. Civ. P. 34(a).

In turn, Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or

---

[2]Rule 37 reads in pertinent part:

If . . . a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

Fed. R. Civ. P. 37(a)(2)(B).

defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Miller v. Fed. Express Corp.,* 186 F.R.D. 376, 383 (W.D. Tenn. 1999). "The scope of [inquiry] permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the [requested information] is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 500-01 (6th Cir. 1970).

Plaintiff alleges, in part, that defendant is estopped from denying him leave under the FMLA by virtue of the conduct of Health Partners. "Crucial to [this] determination . . . is that Health Partners was Honda's agent, i.e., that Health Partner[']s actions constitute actions of Honda." *Plaintiff's Motion to Compel*, at 4. Although defendant challenges the legal sufficiency of plaintiff's estoppel theory, the Court nevertheless concludes that plaintiff's document request is reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

Defendant also argues that, even if discoverable, the information sought by plaintiff should not be produced except under terms of a protective order. Although a court is vested with broad discretion to grant or deny a protective order, that discretion is "limited by the careful dictates of Fed. R. Civ. P. 26." *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996). The burden of establishing good cause for a protective order rests with the party seeking the protection. *Nix v. Sword,* 11 Fed. Appx. 498, 500 (6th Cir. 2001)(citing *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973)).

Although defendant has not submitted a copy of the requested

3

documents to the Court for its review, defendant characterizes those documents as containing "confidential, non-public, proprietary information." *Defendant's Memorandum in Opposition*, at 10. "[A]llowing public access to this information would place {defendant] at a competitive disadvantage. [Defendant's] manufacturing competitors would find the [Health Partners] contract useful in negotiating their own agreements with medical providers thereby diminishing [defendant's] competitive advantage." *Id*.

Rule 26(c)(7) of the Federal Rules of Civil Procedure authorizes a protective order where necessary to assure that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; . . ." Rule 26(c)(7) "has been interpreted to protect from disclosure material that would harm the disclosing party by placing it at a commercial disadvantage." 6 *Moore's Federal Practice* §26.105[8][a](3d ed.).

Defendant proposed to plaintiff a protective order that would limit use of the documents to this litigation only and disclosure of the documents (as well as other documents denominated "confidential") to the parties to the litigation, their counsel, their experts and consultants, and to stenographers and court personnel. *Stipulated Protective Order*, ¶¶(C), (D), attached to *Defendant's Memorandum in Opposition.*[3] Although plaintiff agreed to redaction "of all purely monetary sections of the contracts," subject to further review by this Court, *Exhibit 6* attached to *Plaintiff's Motion to Compel,* plaintiff refused to agree to further restriction on the production:

---

[3]The proposed protective order also contemplates resolution by the Court of any dispute regarding a party's designation of confidentiality. *Stipulated Protective Order*, ¶(H)(1).

> The agreements set forth in these documents potentially impact every associate at Honda, and I believe that Honda's attempt at secrecy in regards to contracts that bear on the treatment of its employees' workplace injuries and sickness is indefensible.

*Exhibit 5*, attached to *Plaintiff's Motion to Compel*.

A court may more readily impose restrictions on disclosure of documents not traditionally made public. *See, e.g., Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 31-33 (1984)(referring to information gathered in traditionally private pretrial civil discovery and not yet publicly disseminated); *Bankers Trust Co.,* 78 F.3d at 225 (same). Discovery is conducted in private and restrictions on the public disclosure of such information is much more readily available. *Seattle Times Co.*, 467 U.S. at 33 n.19. "Private documents collected during discovery are not judicial records, and ... private litigants have protectable privacy interests in confidential information contained in such documents." *Howes v. Ashland Oil, Inc.,* 1991 WL 73251,*7 (6th Cir. 1991) (unpublished)(citing *United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir. 1986) and *Seattle Times Co.,* 467 U.S. 20). In this regard, the "central issue ... is not the relatively slight right of public access in this context, but whether the protective order was an appropriate means of facilitating discovery while respecting the rights" of others. *The Courier Journal v. Marshall,* 828 F.2d 361, 367 (6th Cir. 1987)(dealing with a request to disclose the membership of a Ku Klux Klan organization). This is true even in instances involving subjects of undeniable public interest. *Seattle Times Co.,* 467 U.S. at 31 (upholding prohibition on public dissemination of information of non-public discovery even where "there certainly is a public interest in knowing about respondents"); *The Courier Journal,* 828 F.2d at 363(protective order

approved even where the proceedings were "of intense public concern.")

Plaintiff's articulated objection to the issuance of a protective order is apparently based on rather ill-defined public policy interests. However, plaintiff asserts his claim only on his own behalf; this litigation does not implicate the rights or claims of any other employee of defendant. Indeed, this litigation does not implicate the propriety of the relationship between defendant and Health Partners, nor does it call into question the quality of care provided by Health Partners to defendant's employees. Information relating to that relationship is relevant to the litigation, as even plaintiff concedes, only to determine whether Health Partners' interactions with plaintiff are properly attributable to defendant. The Court therefore concludes that public policy does not preclude the imposition of restrictions on the discovery of such information.[4]

That being said, however, the Court also concludes that defendant has failed to establish that the disclosure of the requested documents in redacted form, as proposed by plaintiff, would nevertheless place defendant at a competitive disadvantage. Although the burden on defendant at this stage is slight, the defendant must nevertheless meet that burden. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d at 227. Defendant has failed to establish that the terms of its proposed protective order are reasonably necessary to preserve its legitimate interest in confidentiality,

**WHEREUPON** the Court concludes that *Plaintiff's Motion to Compel*, Doc. No. 10, is meritorious and it is therefore **GRANTED**, except that

---

[4]The Court expresses no opinion, at this juncture, on the propriety of restriction of access to documents filed with the Court, at which point a strong right of public access attaches. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165 (6th Cir. 1983).

defendant may redact the requested documents to exclude information which, if publically disclosed, would place defendant at a competitive disadvantage.


October 17, 2007                               *s/ Norah McCann King*
                                               Norah McCann King
                                               United States Magistrate Judge