## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JAMES A. WEIMER,

                **Plaintiff,**                          **Case No. 2:06-cv-844**

      **v.**                                         **Judge Frost**
                                                   **Magistrate Judge King**

HONDA OF AMERICA MFG., INC.,

                **Defendant.**

## OPINION AND ORDER

        Plaintiff James Weimer brings this action against defendant Honda of America

Manufacturing, Inc. ("Honda") alleging wrongful discharge from his employment. This matter is

before the Court on Honda's *Motion to Compel Production of Medical Records*, Doc. No. 21

("*Motion to Compel*"). By this motion, Honda seeks discovery of plaintiff's medical records.[1]

## I. BACKGROUND

        Plaintiff alleges that his suspension and eventual termination from employment

violated the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq*. ("FMLA"), and Ohio's law

prohibiting retaliation for having pursued a Worker's Compensation claim, O.R.C. §4123.90.

*Complaint*, at 5 - 6, Doc. No. 1. Plaintiff also asserts a claim of wrongful discharge in violation of

Ohio's public policy. *Id.* at 7.[2]

        Plaintiff alleges that he suffered a work-related head injury on February 21, 2006,

---

[1]Honda does not seek to re-open discovery, but moves to compel the production of the requested records only for use, if necessary, at trial. *Motion to Compel*, at 2.

[2]In his response to the *Motion to Compel*, plaintiff incorrectly states that the *Complaint* asserts only a claim under the FMLA. *Response in Opposition*, at 1, Doc. No. 22.

and was ordered off work by Health Partners, Honda's on-site medical provider. *Id.* at 2.  Plaintiff consulted a number of specialists, *Id.* at 3, and alleges that Health Partners assured him that it would take care of "Honda's necessary leave and medical certification paperwork."  *Id.* Plaintiff was approved for FMLA leave from February 22, 2006, until his return to work on March 16, 2006.  *Id.* at 2 - 3.  However, Honda suspended and terminated plaintiff's employment on April 20, 2006, for "violating Family Leave" purportedly because plaintiff was observed performing construction work on his home during the leave period.  *Id.* at 4.[3]

The *Motion to Compel* seeks production of "medical records from physicians who examined plaintiff and whom plaintiff has identified as testifying experts."  *Motion to Compel*, at 1.  Honda specifically requested production of all documents relating to treatment or examination of plaintiff from January 1, 2004, to the present.  *Request for Production of Documents Nos. 19, 20,* attached as *Exhibit 1* to *Affidavit of Alycia N. Broz*, attached to *Motion to Compel*.  In response, plaintiff objected to the requests as overbroad, irrelevant and an invasion of plaintiff's privacy, although plaintiff did produce certain documents in his actual possession.  *Id.*, Exhibit 2.[4]

Honda contends that it is entitled to these medical records because the information provided in them is "directly relevant to [plaintiff's] FMLA claims."  *Id.* at 6.  Plaintiff, however, takes the position that the request seeks "irrelevant and inadmissible medical information." *Response in Opposition to Defendant's Motion to Compel Discovery,* at 1, Doc. No. 22

---

[3]Honda disputes many of the factual allegations contained in the *Complaint.  See Answer*, Doc. No. 3.

[4]Rule 34(a) of the Federal Rules of Civil Procedure requires the production of documents in the "possession, custody or control" of a party.  Documents meet that standard "if the party . . . has the legal right to obtain the documents on demand . . . ."  *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995).  A patient has a legal right to obtain medical records on demand, and is therefore obligated to produce them in response to an otherwise proper discovery request notwithstanding their location in a physician's office.  *Moody v. Honda of America Mfg., Inc.*, 2006 WL 1786464, *5 (S.D. Ohio 2006).

("*Response*").[5]

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure authorize broad discovery.  *United States v. Leggett & Platt, Inc.*, 542 F.2d 655 (6ᵗʰ Cir. 1976).  The rules are to be construed liberally in favor of permitting appropriate discovery.  *Schlagenhauf v. Holder*, 379 U.S. 104 (1964);  *Blue Bell Boots, Inc. v. Equal Employment Opportunity Comm'n*, 418 F.2d 355 (6ᵗʰ Cir. 1969).  Discovery may relate to any matter that can be inquired into under Rule 26(b), *i.e.*, any matter that is relevant, non-privileged and may reasonably lead to the discovery of admissible evidence can be an appropriate subject of discovery.  Additionally, the Court has the discretion to limit or even preclude discovery that meets the general standard of relevance found in Rule 26(b) if the discovery is unreasonably duplicative, or if the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy and the parties' resources.  F.R.Civ. P. 26(b)(2)(C)(I), (ii), (iii).

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper response to requests for production of documents under Rule 34.  F.R.Civ.P. 37(a)(3)(iv).  The motion to compel discovery must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the request.  F.R.Civ.P. 37(1). The *Motion to Compel* satisfies this requirement.

## III. APPLICATION

---

[5]Plaintiff concedes that his failure to produce the requested records, if upheld by this Court, will preclude his use of those medical providers at trial.  *Response* at 4.

3

Plaintiff claims that Honda violated the FMLA "by using FMLA-protected leave time as a negative factor in discharging Plaintiff, and by retaliating against Plaintiff for his use of FMLA leave time." *Complaint,* at ¶26, Doc. No. 2.  Honda disputes that allegation, *Answer*, ¶26, Doc. No. 3, and generally takes the position that plaintiff violated Honda's standards of conduct by "taking leave, even though he was capable of working. . . ."  *Motion for Summary Judgment*, at 2.

In requesting the production of plaintiff's medical records, Honda contends that such information is relevant to whether or not plaintiff suffered a "serious health condition," an essential element of plaintiff's FMLA claim. *See Plant v. Morton Intern., Inc*., 202 F.3d 929, 936 (6th Cir. 2000); *see also* 29 U.S.C. §2612(a)(1)(D)( an employee is entitled to FMLA leave, *inter alia*, because of "a serious health condition that makes the employee unable to perform the functions of the position of such employee").  In opposing Honda's requests, plaintiff argues that, once his leave was certified, the FMLA authorized Honda only to seek a second and third opinion or clarification of that designation.  *Response*, at 2 - 3, citing 29 C.F.R. §825.307(a).[6]   *See also* 29

_____

[6]The regulation provides, in pertinent part, as follows:

> (a) If an employee submits a complete certification signed by the health care provider, the employer may not request additional information from the employee's health care provider. However, a health care provider representing the employer may contact the employee's health care provider, with the employee's permission, for purposes of clarification and authenticity of the medical certification.

> &ast;        &ast;        &ast;        &ast;

> (2) An employer who has reason to doubt the validity of a medical certification may require the employee to obtain a second opinion at the employer's expense. Pending receipt of the second (or third) medical opinion, the employee is provisionally entitled to the benefits of the Act, including maintenance of group health benefits. If the certifications do not ultimately establish the employee's entitlement to FMLA leave, the leave shall not be designated as FMLA leave and may be treated as paid or unpaid leave under the employer's established leave policies. . . .

U.S.C. §2613.[7] Because Honda failed to seek additional opinions or clarification of the

certification at the time of plaintiff's leave, plaintiff argues that Honda may not attempt to do so

now. *See Smith v. University of Chicago Hospitals*, 2003 WL 22757754 (N.D. Ill. 2003); *Sims v.*

*Alameda-Contra Costa Transit Dist.,* 2 F.Supp. 2d 1253 (N.D.Cal. 1998). In an extension of that

contention, plaintiff also argues that, in seeking medical information not authorized by the

FMLA, Honda is effectively coercing a waiver of plaintiff's FMLA rights in violation of 29

C.F.R. §825.220(d). [8] *See Taylor v. Progress Energy, Inc.*, 493 F.3d 454 (4th Cir. 2007). Finally,

plaintiff also contends, Honda's actual discovery requests are over-broad. The Court will consider

each contention in turn.

Plaintiff first argues that, once FMLA leave has been certified, the FMLA limits

the medical evidence that the employer may demand. Although the United States Court of

Appeals has never addressed this precise point, that court has held that "[a]n employer that

foregoes its right to a second medical opinion is not thereafter precluded from contesting the

validity of any employee's serious health condition." *Novak v. MetroHealth Medical Center*, 503

F.3d 572, 579 (6th Cir. 2007). *See also Crouch v. Whirlpool Corp.,* 2005 WL 1528200, *4, *5

(S.D. Ind. 2005). Moreover,

> nothing in the FMLA prohibits an employer from investigating
> allegations of dishonesty or from terminating an employer who

---

29 C.F.R. §825.307(a).

[7]Section 2613 addresses the certification process. The statute articulates the standards of sufficiency of the certification, 29 U..S.C. §2613(b), and an employer who "has reason to doubt the validity of the certification" may require the "employee [to] obtain the opinion of a second health care provider designated or approved by the employer concerning any information certified . . . ." § 2613(c)(1). In the case of conflicting opinions, the employer may then require a third opinion, §2613(d)(1), which "shall be considered to be final and shall be binding on the employer and the employee." §2613(d)(2).

[8]This regulation provides, in pertinent part, that "[e]mployees cannot waive, nor may employers induce employees to waive, their rights under FMLA." 29 C.F.R. §825.220(d).

5

> violates company policies governing dishonesty.  The FMLA does
> not shield an employee from termination simply because the alleged
> misconduct concerns use of FMLA leave.

*Kitts v. General Tel. North, Inc.*, 2005 WL 2277438, at \*11 (S.D. Ohio 2005).  Finally, to the

extent that plaintiff asserts a substantive claim for intentional discrimination violative of the

FMLA, Honda's reasonable belief, based on particularized facts before it, that plaintiff acted

fraudulently in procuring or utilizing FMLA leave may defeat such claim.  *See Joostberns v.*

*United Parcel Servs., Inc.,* 166 Fed. Appx. 783, 791 (6th Cir. 2006).

This Court therefore concludes that the treatment records relating to plaintiff's

head injury allegedly suffered on February 21, 2006, are relevant to a claim or defense asserted in

this action and fall within the ambit of discoverable information.  *See* F.R.Civ.P. 26(b)(1).

Plaintiff also argues that, by demanding treatment records in this action, Honda is

effectively coercing plaintiff's waiver of rights under FMLA, in violation of 29 C.F.R.

§825.220(d).  In support of this argument, plaintiff cites *Taylor, supra*, 493 F.3d 454, which the

Court finds to be inapposite.  The court in *Taylor* held that an employee's release of claims under

the FMLA is invalid absent prior approval of the Department of Labor or a court.  *Id.* at 463.

*Taylor* does not stand for the proposition that an FMLA plaintiff, having voluntarily initiated

litigation, need not comply with the Federal Rules of Civil Procedure otherwise applicable to that

litigation.

Finally, plaintiff contends that Honda's actual discovery requests, *Exhibit 1*,

attached to *Affidavit of Alycia N. Broz*, attached to *Motion to Compel*, are not limited to merely the

treatment records relating to plaintiff's head injury.  In this regard, plaintiff's objection based on

overbreadth is meritorious.

6

Accordingly, the *Motion to Compel* is meritorious insofar as it seeks treatment records relating to plaintiff's February 21, 2006, head injury.  To the extent that the *Motion to Compel* seeks all medical records from January 1, 2004, to the present the *Motion to Compel* is without merit.

## IV. REQUEST FOR ATTORNEY FEES

In its *Motion to Compel*, Honda also seeks an award of its fees and costs incurred in connection with its motion.  Rule 37 requires the payment of expenses associated with the grant of a motion to compel unless the "opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust."  Rule 37(a)(5)(ii), (iii).  As noted *supra,* plaintiff's objection on the basis of overbreadth was, at least in part, justified.  Moreover, the Court concludes that plaintiff's pursuit of a legal theory that is supported by some – albeit ultimately unpersuasive – authority renders an award of expenses unjust.  Accordingly, Honda's request for attorney fees is without merit.

**WHEREUPON** Honda's *Motion to Compel*, Doc. No. 21, is **GRANTED** in part.  Honda is entitled to production of the treatment records relating to plaintiff's head injury.  Honda's request for attorney fees is **DENIED**.

April 17, 2008

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge