UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES A. WEIMER,

      Plaintiff,                              Case No. 2:06-cv-844
                                                          JUDGE GREGORY L. FROST
    v.                                             Magistrate Judge Norah McCann King

HONDA OF AMERICA MFG., INC.,

      Defendant.

## ORDER

On June 12, 2008, this Court filed an Opinion and Order (Doc. # 35) that denied the motion for summary judgment (Doc. # 26) filed by Defendant, Honda of America Manufacturing, Inc. That decision turned, in part, on Defendant's failure to present this Court with proper summary judgment evidence. Defendant had failed to file the required court reporter certification with a deposition transcript that would enable the Court to consider the transcript as summary judgment evidence.

Defendant has now filed a motion for reconsideration, asking this Court to revisit the summary judgment motion and consider belatedly filed certified deposition transcripts. (Doc. # 39.) Notably, Defendant does not posit that the Court erred in its decision. Rather, as grounds for its motion, Defendant explains that "[a]s of the date of filing [the flawed transcripts], [Defendant] did not understand that the Court required the filing of a signed court reporter's certification along with excerpts for it to consider the deposition testimony." (Doc. # 39, at 2.)

This disconcerting admission fails to present grounds for revisiting the motion for

1

summary judgment. Being unaware of the law or exercising carelessness in its application are not sufficient grounds for a motion for reconsideration. *See Brown v. Thurmer*, No. 04-C-780, 2007 WL 3087126, at *1 (E.D. Wis. Oct. 19, 2007) (declining to grant motion for reconsideration in habeas corpus action based on "ignorance of the law"); *H.A.S. Protection, Inc. v. Senju Metal Indus. Co., Ltd.*, No. Civ.A.03-1215, 2003 WL 23419852, at *2 n.2 (E.D. Pa. Dec. 12, 2003) (declining to grant a motion for reconsideration construed as a Fed. R. Civ. P. 60(b) motion because "courts have held that 'ignorance of the law and carelessness in its application are not sufficient grounds under Rule 60(b) for this Court to reconsider its order.' " (quoting *Lee v. Toyota Motor Sales, U.S.A., Inc.,* No. 96-2337, 1997 U.S. Dist. Lexis 6889, at * 5 (E.D. Pa. May 16, 1997))).

Contrary to Defendant's characterization, it is not simply the Court but the Federal Rules of Civil Procedure that imposes the certification requirement that Defendant failed to satisfy. As the Court explained in its Opinion and Order:

> In an apparent attempt to comply with Fed. R. Civ. P. 56 and S.D. Ohio Civ. R. 7.2, Defendant has filed portions of the deposition transcript and select exhibits with the company's summary judgment motion. (Docs. # 26-3, 26-4.) This deposition transcript, as well as the version Plaintiff filed (Doc. # 30-4), both lack an accompanying signed court reporter certification, which is an "essential portion[] of [the] transcript[]." S.D. Ohio Civ. R. 7.2(e). The error means that the transcripts filed with this Court fail to qualify as proper summary judgment evidence under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 30(f)(1); *Soliday v. Miami County, Ohio,* No. C-3-91-153, 1993 WL 1377511, at *5 n.4 (S.D. Ohio Nov. 22, 1993) (stating that "the Court cannot consider" deposition testimony referenced in summary judgment reply memorandum but not filed with court); *Moore v. Florida Bank of Commerce*, 654 F. Supp. 38, 41 n.2 (S.D. Ohio 1986) (unauthenticated deposition not filed with court is not proper material under Rule 56); *Podlesnick v. Airborne Express, Inc.*, 550 F. Supp. 906, 910 (S.D. Ohio 1982) (depositions not filed with court but referred to in summary judgment memoranda were not considered in court's decision). *See also Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (discussing unauthenticated deposition extracts).

>The Court therefore cannot consider the uncertified deposition transcripts. *See Harris v. City of St. Clairsville, Ohio*, No. 07-3124, 2008 WL 1781236, at *3 (6th Cir. Apr. 17, 2008) (affirming refusal to consider uncertified depositions in summary judgment analysis).

(Doc. # 35, at 12-13 (footnote omitted).)

The Court also explained that the Local Civil Rules do not permit a party to circumvent the Federal Rules of Civil Procedure by filing only deposition excerpts without a certification:

>Defendant cannot evade its error by seeking refuge in the fact that the Local Civil Rules permit the filing of "deposition excerpts" as attachments to summary judgment memoranda. *See* S.D. Ohio Civ. R. 7.2(e). That same rule also requires that "[e]vidence submitted . . . shall be limited to that necessary for decision and shall include only essential portions of transcripts or exhibits referenced in the memorandum." S.D. Ohio Civ. R. 7.2(e). The court reporter certification is an essential portion of a transcript necessary for decision because it qualifies any submitted transcript pages as summary judgment evidence.

(Doc. # 35, at 13 n.7.) Defendant's professed lack of understanding of the rules and case law cited above is also unpersuasive in light of the numerous times this authority has been applied in this District to uncertified deposition transcripts.

For example, in *Ullman v. Auto-Owners Mut. Ins. Co.*, 502 F. Supp. 2d 737 (S.D. Ohio 2007), the undersigned explained:

>The transcript mandates exclusion here. Absent a signature, the filed Shepherd transcript simply does not qualify as proper summary judgment evidence under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 30(f)(1); *cf. Soliday v. Miami County, Ohio*, No. C-3-91-153, 1993 WL 1377511, at *5 n.4 (S.D. Ohio Nov. 22, 1993) (stating that "the Court cannot consider" deposition testimony referenced in summary judgment reply memorandum but not filed with court); *Moore v. Florida Bank of Commerce*, 654 F. Supp. 38, 41 n.2 (S.D. Ohio 1986) (unauthenticated deposition not filed with court is not proper material under Rule 56); *Podlesnick v. Airborne Express, Inc.*, 550 F. Supp. 906, 910 (S.D. Ohio 1982) (depositions not filed with court but referred to in summary judgment memoranda were not considered in court's decision). *See also Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994) (undated declaration must be excluding from consideration as summary judgment evidence an undated declaration); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (discussing why

3

>deposition extracts that lack court reporter certification are inadmissible).
>
>Additionally, despite stating in the notice of filing that they are filing the Shepherd deposition transcript "[p]ursuant to S.D. Ohio Civ. R. 5.4(b)," Plaintiffs have also violated that Local Civil Rule. (Doc. # 85, at 1.) The rule requires that "[a]ll deposition transcripts filed with the Clerk must include . . . the certificate described in Rule 30(f), Fed. R. Civ. P." S.D. Ohio Civ. R. 5.4(b).

*Id.* at 744-45. This same core rationale has been applied multiple times in this District. *See, e.g., Hinkle v. Norfolk Southern Ry. Co.*, No. 2:05-cv-574, 2006 WL 3783521, at *6 n.10 (S.D. Ohio Dec. 21, 2006); *Harris v. City of St. Clairsville, Ohio*, No. C2-04-cv-1179, 2006 WL 3791404, at *4 (S.D. Ohio Dec. 21, 2006); *United States v. Standring*, No. 1:04CV730, 2006 WL 689116, at *4 (S.D. Ohio Mar. 15, 2006).

Moreover, this understanding of the certification requirement is hardly unique to this District. *See, e.g., Romanowski v. RNI, LLC*, No. C 06-6575 PJH, 2008 WL 361125, at *4 (N.D. Cal. Feb. 11, 2008); *Varela v. San Francisco City & County*, No. C 06-01841 WHA, 2007 WL 205069, at *2 (N.C. Calif. Jan. 25, 2007); *Witherow v. Crawford*, No. 3:01-CV-00404-LRH (VPC), 2006 WL 3845145, at *5 (D. Nev. Dec. 28, 2006); *Roberts v. Boeing Co.*, No. CV 05-6813 FMC (SHx), 2006 WL 4704616, at *1 (C.D. Cal. Sept. 8, 2006); *Gastelum v. Abbott Labs.*, No. CV 05-645 PHX NVW, 2006 WL 2456199, at *3 (D. Ariz. Aug. 22, 2006); *AMCO Ins. Co. v. Madera Quality Nut LLC*, No. 1:04-CV-06456-SMS, 2006 WL 2091944, at *24 (E.D. Cal. July 26, 2006); *Magana v. Sacramento County Main Jail*, No. CIVS03-2061DFLKJMP, 2006 WL 314486, at *3 (E.D. Cal. Feb. 9, 2006).

The Court in its discretion therefore **DENIES** both Defendant's motion for reconsideration (Doc. # 39) and Plaintiff's contingent request for reconsideration of his own motion for summary judgment (Doc. # 40).

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE