UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES A. WEIMER,

       Plaintiff,                      Case No. 2:06-cv-844
                                          JUDGE GREGORY FROST
      v.                               Magistrate Judge Norah McCann King

HONDA OF AMERICA MFG., INC.,

       Defendant.

**OPINION AND ORDER**

This matter is before the Court for consideration of the motion *in limine* (Doc. # 47) filed by Plaintiff, James A. Weimer, and the memorandum in opposition (Doc. # 49) filed by Defendant, Honda of America Manufacturing, Inc.  For the reasons set forth below, the Court finds Plaintiff's motion not well taken.

**I.  Discussion**

**A.  Timeliness of the Motion**

Before addressing the merits of Plaintiff's motion *in limine*, the Court is compelled to discuss the issue raised by Defendant that Plaintiff's motion is untimely because it was not filed "three weeks prior to the final pretrial conference" in accordance with this Court's Trial Procedure for Civil Jury Trial.  Although the rescheduled final pretrial conference was set for (and then held on) July 22, 2008, Plaintiff did not file his motion *in limine* until July 15, 2008.  Thus, Defendant is correct that Plaintiff has violated this Court's long-standing trial procedure order.

This Court has the inherent discretion, however, to consider the untimely motion *in limine* on the merits in order to ensure the expeditious and evenhanded management of trial proceedings. It is beneficial for the Court and all the parties involved to address the issues concerning the admissibility of evidence prior to the actual trial if such pre-trial determinations can be made. Therefore, in light of the rescheduled trial date, the Court will consider Plaintiff's motion despite Plaintiff's poor compliance with a clear and direct timeline and his counsel's curious failure to seek leave to remedy Plaintiff's unexplained noncompliance.

### B.  Applicable Standard

The Court has previously noted that the inquiry involved in and nature of a motion *in limine* decision are well settled:

> Motions in limine are generally used to ensure expeditious and evenhanded management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir. 1997). The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion in limine does not necessarily mean that all evidence contemplated by motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citing *Luce,* 469 U.S. at 41) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400-01 (N.D. Ill. 1993).

*Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846-47 (N.D. Ohio 2004).

Courts are generally reluctant to grant broad exclusions of evidence *in limine* because "a court is almost always better situated during the actual trial to assess the value and utility of

evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388, (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Cognizant of this standard, the Court shall address each of Defendant's three categories of evidence or argument to be excluded.

### C. Analysis

#### 1. *Defendant's "Honest Belief" Defense*

Plaintiff argues that whether Defendant had an honest belief that Plaintiff was misrepresenting his need for leave is irrelevant to the issue of liability.  In support of this argument, Plaintiff asserts that the only determination required in this case is whether Plaintiff had a serious health condition as defined by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.  If this question is resolved in his favor, Plaintiff argues, then "any adverse action[s] that flows [*sic*] from the leave that are part of the chain of events that lead to discharge are, by their very nature, unlawful use of FMLA-protected leave as a 'negative factor' pursuant to 29 C.F.R. § 825.220(c)."  (Doc. # 47, at 2).

Defendant contends that an employer's reliance on the honest belief rule is well established as a viable defense to both FMLA interference claims and retaliation claims. *See Joostberns v. United Parcel Servs., Inc.*, 166 F. App'x 783, 795 (6th Cir. 2006); *Kitts v. Gen. Tel. N.*, No. 2:04-CV-173, 2005 WL 2277438, at *12 (S.D. Ohio 2005).

As this Court noted in its summary judgment decision (Doc. # 35), the honest belief rule may properly apply in this case.  The Court therefore **DENIES** Plaintiff's motion to preclude evidence and argument related to this defense.

#### 2. *Plaintiff's Disciplinary History*

3

Plaintiff seeks to prevent Defendant from introducing evidence of argument related to Plaintiff's work-related disciplinary history on the grounds that such evidence would be prejudicial, irrelevant, and confusing to the jury. In response, Defendant affirmatively represents that it has no intention of presenting any evidence regarding Plaintiff's work-related disciplinary history. (Doc. # 49, at 9.) The Court therefore finds this issue to be moot. This Court also notes specifically that the work-related disciplinary history at issue does not include the alleged conduct of Plaintiff involved in Defendant's after-acquired evidence defense.

### 3. *Plaintiff's Prior Use of FMLA Leave*

Plaintiff asserts that his prior use and experience with leave under the FMLA may be confusing and misleading to a jury and that it is not relevant to the validity of the leave taken in the instant action. He therefore seeks to exclude evidence and argument related to his prior FMLA leave.

Defendant in turn argues that evidence and argument related to prior leave is relevant to issues other than whether leave was proper in this case. Defendant asserts that these prior instances permit the inference that Defendant does not terminate employees solely for taking leave, establishes that defendant does not investigate all employees on leave, demonstrates Plaintiff's familiarity with the process and requirements involved with FMLA leave, shows that Defendant allowed additional FMLA leave before Plaintiff's separation from employment, and provides some evidence of Defendant's good faith.

One or more of these purposes is permissible. The Court therefore agrees that Plaintiff's prior FMLA leave is not relevant to the issue of whether leave was proper in the instant case, but concludes that those prior occurrences are relevant to other issues in the case as Defendant

asserts. Consequently, the Court will allow the contested evidence and argument, accompanied by an appropriate limiting charge if requested.

## II. Conclusion

For the reasons discussed herein, the Court **DENIES** Plaintiff's motion *in limine*. (Doc. # 47.) As with all *in limine* orders, these decisions are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

        /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE