**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JAMES A. WEIMER,**

           **Plaintiff,**                        **Case No. 2:06-cv-844**
                                               **JUDGE GREGORY FROST**
      **v.**                                  **Magistrate Judge Norah McCann King**

**HONDA OF AMERICA MFG., INC.,**

           **Defendant.**

### OPINION AND ORDER

This matter comes before the Court for consideration of the motion to bifurcate trial (Doc. # 48) filed by Plaintiff, James A. Weimer, the memorandum in opposition (Doc. # 50) filed by Defendant, Honda of America Manufacturing, Inc., and the reply memorandum (Doc. # 51) filed by Plaintiff.  For the reasons set forth below, the Court **DENIES** Plaintiff's motion**.**

### I.  Discussion

**A.  Applicable Standard**

The decision of whether to order bifurcation is governed by Federal Rule of Civil Procedure 42(b), which provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b).  Whether to order bifurcation is committed to the trial court's discretion.  *Specialty Minerals, Inc. v. Dunbar Mech., Inc.*, 164 F. App'x 539, 541 (6th Cir. 2005).  In considering whether to order separate trials, the Court must weigh the potential prejudice to the parties, the possible confusion to the jury, and the relative resulting convenience and economy that would result.  *Id.*; *Martin v.*

1

*Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997); *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982). The Sixth Circuit has cautioned that "separation of issues 'should be resorted to only in the exercise of informed discretion and in a case and at a juncture which move the court to conclude that such action will really further convenience or avoid prejudice.' " *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988) (quoting *Frasier v. Twentieth Century-Fox Film Corp.*, 119 F. Supp. 495, 497 (D. Neb. 1954)). The Sixth Circuit has also explained that "[b]ifurcation of proceedings into separate trials concerning liability and damages is appropriate when 'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst Labs.*, 766 F.2d 208, 212 (6th Cir. 1985) (quoting 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2390 (1971)).

**B. Analysis**

Plaintiff moves to bifurcate this trial into three phases. The first phase would be the liability phase, the second phase would be the damages phase, and the third phase would involve liquidated damages and the "good faith" defense. Plaintiff argues that these three phases could proceed one after the other and advocates that this procedure would promote expediency and economy, avoid confusing the jury, and limit any prejudicial impact on liability that might arise from the asserted defense that he falsified information on his job application, thereby cutting off his damages. Defendant in turn asserts that this is expected to be a four-day trial involving a single claim of Plaintiff and that dividing the issues in this case into three separate trial phases would not promote convenience and economy.

The Court agrees with Defendant.  This case is not expected to be notably lengthy or complex so that a jury will be unable to grasp the issues during one undivided proceeding.  The issues of liability and damages are sufficiently intertwined such that bifurcation would likely lead to duplication of testimony and an inability to segregate into clear trial "phases" the issues and evidence relevant to each phase.  Moreover, capable counsel are involved who will no doubt be able to present clear argument to the jury so as to alleviate any possible confusion or prejudice.  The jury will also receive the benefit of proper and adequate instruction from this Court that will aid them in appropriately determining the issues of liability and any potential damages; this can include appropriate limiting instructions during trial as requested.  Additionally, although Plaintiff argues that the determination of Defendant's "good faith" is a question only for the Court to decide separately, this determination is in fact related to the findings of the jury.  *See Wilkerson v. Autozone, Inc.*, 152 F. App'x 444, 450-51 (6th Cir. 2005); *Frizzell v Sw. Motor Freight*, 154 F.3d 641, 643 (6th Cir. 1998).  *Cf. Robinson v. Food Serv. of Belton, Inc.*, 415 F. Supp. 2d 1232, 1239 (D. Kan. 2005).

In light of the foregoing, there has been no showing that a bifurcated or trifurcated trial would promote judicial economy or address more effectively potential issues of confusion or prejudice.  The Court is confident that a jury can fairly address and resolve all issues in this case without the need to try the case in separate trials.

## II.  Conclusion

The Court **DENIES** Plaintiff's motion to bifurcate trial.  (Doc. # 48.)

**IT IS SO ORDERED**.

                                            /s/ Gregory L. Frost
                                      GREGORY L. FROST
                                      UNITED STATES DISTRICT JUDGE