UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES A. WEIMER,

       Plaintiff,                           Case No. 2:06-cv-844
                                               JUDGE GREGORY FROST
      v.                                      Magistrate Judge Norah McCann King

HONDA OF AMERICA MFG., INC.,

       Defendant.

**OPINION AND ORDER**

This matter is before the Court for consideration of the motion *in limine* (Doc. # 37) filed by Defendant, Honda of America Manufacturing, Inc., the memorandum in opposition (Doc. # 44) filed by Plaintiff, James A. Weimer, and the notice of additional authority (Doc. # 60) filed by Defendant.[1]  For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

**I.  Discussion**

**A.  Applicable Standard**

The Court has previously noted that the inquiry involved in and nature of a motion *in limine* decision are well settled:

> Motions in limine are generally used to ensure expeditious and evenhanded management of trials by eliminating evidence that is clearly inadmissible for any purpose.  *See Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir. 1997).  The court has the power to exclude evidence in limine only when evidence is

---

[1] To the extent that the third paragraph of Defendant's notice can be read to present argument by characterizing the content and application of the additional authority submitted, the Court **STRIKES** that portion of the notice as argument submitted without leave of court.  (Doc. # 60, at 1.)

> clearly inadmissible on all potential grounds. *Cf. Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion in limine does not necessarily mean that all evidence contemplated by motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citing *Luce,* 469 U.S. at 41) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400-01 (N.D. Ill. 1993).

*Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846-47 (N.D. Ohio 2004).

Courts are generally reluctant to grant broad exclusions of evidence *in limine* because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388, (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Cognizant of this standard, the Court shall address each of Defendant's four categories of evidence or argument to be excluded.

    **B. Analysis**

        *1. Health Partners*

Defendant seeks to preclude Plaintiff from arguing that the Health Partners physicians are company doctors or agents of Defendant on the grounds that the contract between Defendant and Health Partners asserts that no agency relationship exists. Defendant also argues that the contract itself is inadmissible and should not be mentioned because it is not relevant to the issue of whether Plaintiff had misrepresented his need for leave. Plaintiff in turn contends that the selection of the Health Partners physicians by Defendant and the agreement allowing Health

Partners special access to Defendant's employees adds credence to the physicians' determination that leave was appropriate for Plaintiff in the instant case.

The Court agrees with Plaintiff that the nature of the relationship between Health Partners and Defendant is relevant. The fact that Defendant chose to select these doctors for a contractual relationship and make them available to its employees could affect the physicians' credibility on issues concerning the medical determinations involved. Additionally, the issue of agency is not necessarily conclusively determined by the contract itself; the contract is merely some evidence from which a jury could determine the true nature of the relationship between Defendant and Health Partners.

The nature of that relationship is of course a question for the jury. Defendant argues that if the Court were to allow Plaintiff to describe the doctors as "company doctors," it could be misleading and confusing for the jury. But Defendant's argument fails to credit that argument by Plaintiff in this regard would be just that: argument. Defendant would be free to counter that characterization. In other words, this Court declines to limit Plaintiff's argument without cause to do so and concludes that the mere presentation of argument–as well as evidence of at least some limited relevance related to that argument, such as the contract–is permissible here. The evidence and argument will not confuse or mislead the jury. The Court therefore **DENIES** this aspect of Defendant's motion *in limine*.

This leaves one related issue for discussion. The Court notes that Defendant contends in its motion *in limine* that Plaintiff cannot argue that he was forced to take leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. (Doc. # 37, at 3 n.2.) In support of this contention, Defendant relies upon *Wysong v. Dow Chemical Co.*, 503 F.3d 441 (6th Cir.

2007), but that case is distinguishable here. *Wysong* was concerned not with *whether* a plaintiff could argue that leave was compelled or involuntary, but with *when* an involuntary-leave claim became ripe. *Id.* at 448-50. But Plaintiff is simply *not* asserting an interference claim for forced or involuntary leave in this case. Rather, Plaintiff is asserting a claim for being discharged in contravention of FMLA protections and argues that his use of FMLA leave was at least in part compelled. The distinction is important and, to the extent it can be said that Defendant seeks via its motion to foreclose this argument, the Court similarly finds that aspect of the motion not well taken.

### 2. *Discriminatory Investigation*

Defendant next seeks to prevent Plaintiff from asserting that the investigation of Plaintiff's activities while on leave was discriminatory. Plaintiff claims that he was investigated solely because he was on leave under the FMLA. Thus, Plaintiff reasons, this investigation was a discriminatory act against him based on his utilization of his FMLA rights. In contrast, Defendant claims that it has a right to investigate employees whom it believes are misusing or abusing such leave and that Plaintiff has no evidence that those individuals not on FMLA leave are treated any differently.

The Court agrees with Defendant that it has a right to investigate employees whom it believes are engaging in misrepresentation related to FMLA leave. Any wrongful conduct by Defendant that may have occurred arises not from the mere fact of the investigation itself, if the investigation was related to concerns over misrepresentation, but rather from the discharge based on the alleged results of that investigation. Thus, to the extent that Defendant seeks to limit Plaintiff from arguing or suggesting that the mere fact of the investigation was itself *per se*

4

unlawful or discriminatory, the Court **GRANTS** this aspect of the motion.  But to the extent that Plaintiff can argue based on evidence that the specific investigation that occurred here was motivated not by concern over misrepresentation but by an impermissible purpose, he remains free to do so.

### *3. Evidence of FMLA Allegations by Other Employees*

Defendant seeks to exclude evidence of other lawsuits or allegations of FMLA violations, arguing that they involve different circumstances and are not substantially similar to the instant case and that it would be too confusing and prejudicial.  Plaintiff argues that prior lawsuits or FMLA violations would show a pattern of bad faith over the years and would thereby refute any attempt by Defendant of demonstrating its "good faith."

The parties have not provided the Court with enough information to make a ruling on this issue at this time.  There is no indication as to whether Plaintiff is considering offering evidence of actual judgments against Defendant for comparable or non-comparable FMLA violations, or is considering offering only complaints regardless of the outcome of any case, or is considering offering mere allegations that did not ripen into a lawsuit.  There is absolutely no information presented by either party from which this Court can determine whether any other situation is substantially similar to this case.

In the absence of any such information, this Court must **DENY** Defendant's motion *in limine* on this issue.  This of course does not mean that the issue is conclusively resolved, however, as either party could and should seek a judicial determination on the issue at trial when there is actually information before the Court that would enable the Court to make an informed decision.

### *4. Evidence of Damages Sustained after November 8, 2007*

Defendant also seeks to preclude Plaintiff from presenting any evidence of damages after November 8, 2007.  On that date, Defendant allegedly became aware that Plaintiff made material misrepresentations in connection with his application for employment.  Defendant contends that this is a violation of its Associate Standards of Conduct and would have resulted in Plaintiff's separation, thus preventing him from recovering damages accruing after that date.

Plaintiff contends that the issue of whether he made a misrepresentation on his application for employment with Defendant that was sufficient for termination is a factual issue left for the jury.  Plaintiff in fact contends that, when considered in context, no deception occurred on his application for employment.  Therefore, Plaintiff reasons, the jury should be able to hear evidence regarding damages on or after the date of November 8, 2007, and may award those damages if it is determined that Plaintiff honestly completed his application for employment.

The Court agrees with Plaintiff that a factual issue exists for a jury determination and **DENIES** this aspect of Defendant's motion.  Plaintiff is free to present evidence of damages accruing after November 8, 2007, and the Court's instructions to the jury will guide the jury as to when and how to consider that evidence.

## II.  Conclusion

For the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion *in limine*.  (Doc. # 37.)  As with all *in limine* decisions, these rulings are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

                                                  /s/ Gregory L. Frost
                                       GREGORY L. FROST
                                       UNITED STATES DISTRICT JUDGE