```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**JAMES A. WEIMER,**

        **Plaintiff,**
  vs.                              Civil Action 2:06-CV-844
                                      Judge Frost
                                      Magistrate Judge King

**HONDA OF AMERICA, MFG.,
INC.,**
        **Defendant.**


## OPINION AND ORDER

       This is an employment discrimination action in which plaintiff alleges that he was discharged from his employment with defendant, at least in part, for taking leave protected by the Family Medical Leave Act, 29 U.S.C. §2601 *et seq.* This matter is now before the Court on defendant's *Motion to Compel Payment of Expert Witness Fees*, Doc. No. 55.

       Defendant's motion relates to plaintiff's December 2007 deposition of David Dunkin, D.O., one of plaintiff's treating physicians.[1] Dr. Dunkin was subpoenaed for deposition by plaintiff. At the outset of the deposition, Dr. Dunkin asked if he would be paid an expert fee. Plaintiff's counsel responded that he "would take care of the matter later." *Affidavit of Gary A. Reeve,* ¶4, attached to *Plaintiff's Memorandum in Opposition*. In fact, however, plaintiff's counsel did not intend to pay an expert fee. *Id.* Dr. Dunkin later submitted a bill to plaintiff's counsel for "approximately $675.00." Plaintiff's counsel threw the bill away. *Id.*

       Under Rule 26(b)(4)(C)(i) of the Federal Rules of Civil Procedure, an expert is ordinarily entitled to "a reasonable fee for time

---

[1] Defendant's motion is unusual in that it is the defendant employer who seeks payment of Dr. Dunkin's fee by plaintiff, who characterizes Dr. Dunkin's practice as "Honda-captive." *Plaintiff's Memorandum in Opposition,* at 3, Doc. No. 56.

spent in responding to discovery." Defendant asks that plaintiff, or his counsel, be required to pay a reasonable fee to Dr. Dunkin in connection with both his December 2007 deposition and anticipated trial testimony. Plaintiff takes the position that Dr. Dunkin is not an expert within the meaning of Rule 26 and that he has not been, and will not be, called upon to render expert testimony. Plaintiff also argues that Honda lacks standing to assert a claim on Dr. Dunkin's behalf or, alternatively, that Dr. Dunkin is entitled to no payment whatsoever because he is an agent of defendant. The Court will address plaintiff's standing argument first.

Plaintiff cites no authority to support his standing challenge. Although the Court's own research revealed no express discussion of the issue, every case that has considered the issue of expert witness fees appears to have relied on the presentation of the claim by a party to the lawsuit.[2] It is no more objectionable, it seems to this Court, that it is defendant who seeks to enforce Rule 26(b)(4)(C)(i) than it has been -- in countless other cases -- for a plaintiff to seek payment of a reasonable fee on behalf of a treating physician.

Turning to the substance of defendant's motion, the Court notes that the extent to which, if at all, a treating physician is entitled to a reasonable fee under Rule 26(b)(4)(C)(i) has been the subject of a great deal of discussion and federal courts are widely divided on the issue. *See McDermott v. FedEx Ground Systems, Inc.,* 247 F.R.D. 58 (D. Mass. 2007)(and cases cited therein). Much of the confusion stems from Rule 26(a)(2)(B), which requires that experts who

---

[2]The district court in *Fisher v. Ford Motor Co.,* 178 F.R.D. 195 (N.D. Oh. 1998), afforded the physicians the opportunity to personally address the issue of payment of fees. However, that Court resolved the matter even with respect to those physicians who made no response to his invitation. *Id.,* at 196-97.

are "retained or specially employed to provide expert testimony in the case" produce a written report.  Implicit in Rule 26, however, is the recognition that some witnesses may qualify as experts even though such witnesses need not produce the report required by Rule 26(a)(2)(B).  Treating physicians are the quintessential examples of such experts.  *See Advisory Committee Notes to 1993 Amendments* ("The requirement of a written report ...  applies only to those experts who are retained or specially employed to provide such testimony in the case ... .  A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.") Indeed, the United States Court of Appeals for the Sixth Circuit has expressly held that a treating physician not required to produce the report required of specially retained experts under Rule 26(a)(2)(B) may nevertheless testify as to his opinion on causation when that opinion is based on his treatment of the patient.  *Fielden v. CSX Transp., Inc.,* 482 F.3d 866, 871 (6th Cir. 2007).  *See also Morrison v. Stephenson,* 2008 WL343176 (S.D. Ohio)(Frost, J.)(treating physicians identified as such may express opinion testimony as to causation notwithstanding their failure to produce the report required by Rule 26(a)(2)(B)).

      Plaintiff argues that Dr. Dunkin does not qualify as an expert.  However, some of the cases relied on by plaintiff in making this argument, *Gonzalez v. Executive Airlines, Inc.,* 236 F.R.D. 73, 78 (D. P.R. 2006); *Wreath v. United States,* 161 F.R.D. 448, 450 (D.Kan. 1995), are inapposite because they deal only with whether or not a treating physician must produce the report required of specially retained experts under Rule 26(a)(2)(B).[3]  One case relied upon by plaintiff, *Fisher v.*

---

[3] The Court notes that *Gonzalez* refers at one point to Rule 26(b)(4)(C), which addresses the fees to which experts are entitled.  236 F.R.D. at 79.  In context, however, it appears that this reference is a typographical error.

*Ford Motor Co.,* 178 F.R.D. 195, 198 (N.D. Ohio 1998), expressly held that a treating physician is not entitled to an expert witness fee because a treating physician is not an expert. In reaching this conclusion, the court referred to the 1970 Advisory Committee Notes to Rule 26(b)(4), which state that the rule "does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuits. Such an expert should be treated as an ordinary witness." *See also Oakberg v. Zimmer, Inc.,* 211 Fed. Appx. 578, 580 (9th Cir. 2006)(same).

This Court declines to follow *Fisher* because it fails to recognize that Rule 26(b)(4) was substantially revised in 1993. Prior to that date, Rule 26(b)(4) addressed only discovery of experts whose opinions were "acquired or developed in anticipation of litigation or for trial ... ." Rule 26(b)(4)(1970). The 1993 amendments expanded the scope of the rule to address discovery of three categories of experts:

1. Retained experts who may testify at trial and from whom a report is required;

2. Non-retained experts who are disclosed as witnesses who may offer Rule 702 testimony at trial but who are not required to submit a report;

3. Retained experts who will not testify at trial (consultants).

*Hoover v. United States,* 2002 WL 1949734, at *4 (N.D. Ill. 2002). The 1993 amendments, moreover, defined "expert" as "any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rule 26(a)(2)(A) (1993).[4]

---

[4] These rules relate to expert testimony. In particular, Rule 702 provides:
If scientific, technical, or other specialized knowledge will

4

*Fisher* also appears to misstate the scope of Rule 26(b)(4)(C) as authorizing the payment of a reasonable fee to expert witnesses "because of their special expertise and the fact that they have been retained in anticipation of litigation. ..." *Id.,* at 197. To the contrary, the rule authorizes payment of a reasonable fee to "the expert," F.R. Civ. P. 26(b)(4)(C)(i), and does not limit payment to only specially retained experts.

In short, this Court rejects plaintiff's contention that a treating physician cannot qualify as an expert under Rule 26 merely by virtue of his status as a treating physician.

> [The contrary view] fails to come to grips with the fact that a treating physician who testifies about the examination, diagnosis, and treatment of a patient necessarily draws upon his or her skill, training and experience as a doctor. And the physician can only do so as an expert under Rule 702 -- which makes the treater an expert under Rule 26(a)(2)(A), who is subject to deposition under Rule 26(b)(4)(A) and who, under the terms of Rule 26(b)(4)(C)(i), is entitled to payment of a reasonable fee for the deposition.

*Hoover v. United States, supra,* 2002 WL 1949734, at *7.

It is true that a treating physician may not necessarily testify as an expert. Certainly, as a percipient witness, a treating physician may properly testify, as may any lay witness, to his own observations and actions. Plaintiff contends that Dr. Dunkin testified on deposition and will be called upon to testify at trial merely as a lay witness as to plaintiff's treatment. Many of the topics of testimony

---

assist the trier of fact to understand the evidence or to determine a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient testimony or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

5

identified by plaintiff indeed qualify as non-expert areas of testimony. *Plaintiff's Memorandum in Opposition,* at pp. 3-4.[5] However, Dr. Dunkin was also asked to testify about opinions formulated by him and based upon his specialized training and expertise as a physician. For example, plaintiff's counsel asked Dr. Dunkin the following:

> Q. In your medical knowledge, why would a person who suffered a blow to the head, such as Mr. Weimer, possibly suffer from blurred vision?
>
>               \*          \*          \*
>
> THE WITNESS: There can be a rather large differential diagnosis for that.
>
> BY MR. REEVE:
>
> Q. What do you mean by that?
>
> A. It means that there can be multiple causes depending on where the blow occurred and what the nature of the blow was.
>
> Q. Ok. But it is a possible side effect of a blow to the head, correct?
>
>               \*          \*          \*
>
> THE WITNESS: Correct.

*Deposition of David Dunkin, D.O.,* at 69-70, Appendix I, attached to Doc. No. 24. Plaintiff's counsel also explored the bases of Dr. Dunkin's treatment and recommendations:

> Q. And were [plaintiff's] symptoms, in your medical experience, consistent with symptoms that might be suffered by someone who suffered a blow to the head such as Mr. Weimer?
>
> A. Yes.

---

[5] For example, Dr. Dunkin was questioned on deposition about the nature of Health Partners' practice and his own standard practices. *Dunkin Transcript,* at 9-19, 30-36, Appendix I, attached to Doc. No. 24.

> Q. And in keeping him off of work through March 11, 2006, did you feel -- was one of the reasons you kept him off of work that you felt it might be unsafe for him to be in the workplace?
>
> A. Yes.
>
> Q. And unsafe not just for himself, but for others, correct?
>
> A. Correct.

*Id.,* at 71-72.  And again:

> Q. Why did you then -- what about his condition and your assessment of him made you feel that he was not allowed to return to work?
>
> \*          \*          \*
>
> THE WITNESS: The history and physical examination documented improvement to the point to be able to return to work.
>
> BY MR. REEVE:
>
> Q. You felt that Mr. Weimer could now safely -- well that Mr. Weimer could work safely to himself, No. 1, correct?
>
> A. Correct.
>
> Q. And that he would also be safe to work with others?
>
> A. Correct.

*Id.,* p.79.

The Court concludes that Dr. Dunkin testified on deposition as an expert.  Under Rule 26(b)(4)(C)(i), Dr. Dunkin is therefore entitled to a "reasonable fee for time spent in responding to discovery ... ."[6] What fee is reasonable falls within the discretion of the Court.  *Fisher-*

---

[6] Rule 45 of the Federal Rules of Civil Procedure, which governs the issuance of subpoenas in connection with depositions and trials, requires that a subpoenaed witness not be subjected to "undue burden," Rule 45(c)(3)(A)(iv), and authorizes the court to "ensure[] that the subpoenaed person will be reasonably compensated."  Rule 45(c)(3)(C)(ii).

*Price, Inc. v. Safety 1st, Inc.,* 217 F.R.D. 329, 333 (D. Del. 2003); *Jochins v. Isuzu Motors Ltd.,* 141 F.R.D. 493, 495 (S.D. Iowa 1992); *Hurst v. United States,* 123 F.R.D. 319, 321 (D. S.D. 1988). "Certainly a reasonable fee would include compensation for the expert's time during a deposition." 6 Moore's Federal Practice ¶26.08[3] (Matthew Bender 3rd Ed.). In determining an appropriate fee, a court should consider the education and expertise of the expert, the prevailing rates for similar experts and the complexity of the information sought. *See Massosoit v. Carter,* 227 F.R.D. 264, 265 (M.D. N.C. 2005).

Defendant has not provided the Court with sufficient information to determine a reasonable fee under the circumstances. *Cf. Stokes v. Xerox Corp.,* 2007 WL 2080290, at *1 (E.D. Mich. 2007)(the party seeking reimbursement bears the burden of establishing the reasonableness of the fee sought). For example, the record does not reveal the time spent by Dr. Dunkin in connection with his deposition, nor does it reveal his ordinary hourly professional rate of compensation.

Defendant is **DIRECTED** to supplement its motion, within seven (7) days, with sufficient information to enable the Court to set a reasonable fee.

**WHEREUPON,** defendant's motion, Doc. No. 55, is **GRANTED in part.** Defendant is **DIRECTED** to supplement its motion, consistent with this *Order,* within seven (7) days.

October 1, 2008                             *s/Norah McCann King*
                                         Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge