IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES A. WEIMER,

        Plaintiff,

vs.                             Civil Action 2:06-CV-844
                                   Judge Frost
                                   Magistrate Judge King

HONDA OF AMERICA, MFG., INC.,

        Defendant.

## OPINION AND ORDER

This Court previously held that plaintiff's treating physician, David Dunkin, D.O., is entitled to an expert witness fee pursuant to F.R. Civ. P. 26(b)(4)(C)(i) in connection with his deposition by plaintiff. *Opinion and Order,* Doc. No. 68. Because the Court had not been provided with sufficient information to determine a reasonable fee, however, the defendant, whose motion to compel brought the matter before the Court, was directed to supplement its motion. *Id.* This matter is now before the Court on that supplementation, Doc. No. 72, as well as on plaintiff's objection, Doc. No. 81, and on defendant's reply, Doc. No. 82. Defendant has also asked that portions of plaintiff's objection be ordered stricken. Doc. No. 82. That motion is **DENIED.**

Defendant has submitted the affidavit of Mike Fay, M.D., who, like Dr. Dunkin, is employed by HealthPartners, Ltd. Dr. Fay authenticates the invoice in the amount of $685.50 submitted in connection with plaintiff's deposition of Dr. Dunkin. *Exhibit* attached to *Affidavit of Dr. Mike Fay,* attached to Doc. No. 72. The invoice reflects 2.7 hours in conjunction with the deposition and a rate of $250 per hour. *Id.*

In his opposition, plaintiff contends, once again, that he should not be required to pay an expert witness fee to Dr. Dunkin. Because the Court has previously resolved this issue, that Court will not

entertain plaintiff's renewed objection in this regard.

Plaintiff also objects because Dr. Dunkin, who plaintiff assumes is paid a salary, did not establish that his income was reduced by reason of plaintiff's deposition. However, Rule 26(b)(4)(C)(i) requires the payment of "a reasonable fee for time spent in responding to discovery;" the rule does not require proof of loss of income by the expert.

Finally, plaintiff argues that the record still reflects insufficient evidence of a reasonable fee. The Court disagrees. What fee is reasonable falls within the discretion of the Court. *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 333 (D.Del. 2003); *Jochins v. Isuzu Motors Ltd.*, 141 F.R.D. 493, 495 (S.D. Iowa 1992); *Hurst v. United States*, 123 F.R.D. 319, 321 (D. S.D. 1988). "Certainly a reasonable fee would include compensation for the expert's time during a deposition." 6 Moore's Federal Practice ¶26.08[3] (Matthew Bender 3rd Ed.). In determining an appropriate fee, a court should consider the education and expertise of the expert, the prevailing rates for similar experts and the complexity of the information sought. *See Massosoit v. Carter,* 227 F.R.D. 264, 265 (M.D.N.C. 2005). Dr. Dunkin is a physician. The *Affidavit of Dr. Mike Fay* and the invoice attached thereto establish that Dr. Dunkin spent 2.7 hours in connection with his deposition, and plaintiff does not dispute the accuracy of that figure. It is not clear whether plaintiff disputes the reasonableness of the $250.00 hourly rate. However, many courts have authorized similar or greater rates for medical doctors. *See, e.g., Grady v. Jefferson Cy. Bd. of Cy. Comm'rs,* 249 F.R.D. 657, 657 (D. Colo. 2008) ($600 per hour for neurosurgeon); *Casiano v. Target Stores,* 2008 U.S. Dist. Ct. LEXIS 65542 (E.D. N.Y., Aug. 21, 2008)($400 per hour); *United States v. New York Metropolitan Transp.*

2

*Auth.,* 2007 WL 1827519 (E.D. N.Y., June 22, 2007) ($350 per hour for psychiatrist); *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543 (D. Ariz. 1999)($450 per hour for orthopedic surgeon); *Norman v. City of Lorain, Ohio,* 2006 WL 5249724 (N.D. Ohio 2006) ($300 per hour).

Under all the circumstances presented, the Court concludes that the $685.50 charged by Dr. Dunkin in connection with his deposition is a reasonable expert witness fee under F.R. Civ. P. 26(b)(4)(C)(i).

**IT IS SO ORDERED.**


December 5, 2008                                *s/Norah McCann King*
                                              Norah McCann King
                                         United States Magistrate Judge